UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.,*

Plaintiffs,

v.

ORION HARDWOOD FLOORS, INC., a Wisconsin
corporation,

Defendant.

16 CV 11150

Judge Virginia M. Kendall

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Plaintiffs")

hereby move this Court to enter a judgment by default against defendant ORION HARDWOOD

FLOORS, INC., a Wisconsin corporation ("Defendant") pursuant to Federal Rule of Civil

Procedure 55. In support of their Motion, Plaintiffs state as follows.

## I. SUMMARY OF DAMAGES.

For the reasons explained more fully below, this Court should award Plaintiffs

$36,271.94 in damages as follows:

| | |
|---|---|
| (A) Unpaid Fringe Benefit Contributions | $19,528.38 |
| (B) Interest | $1,294.37 |
| (C) Liquidated Damages | $3,905.68 |
| (D) Auditors' Fees | $3,952.50 |
| (E) Attorneys' Fees and Costs | $7,591.01 |
| Total | $36,271.94 |

## II. ENTRY OF FINAL JUDGMENT.

### A. Defendant's Default.

On December 7, 2016, Plaintiffs filed a complaint against the Defendant under the

Employee Retirement Income Security Act ("ERISA") for unpaid fringe benefit contributions

owed by Defendant pursuant to an audit conducted by Plaintiffs' designated auditor, Legacy

Professionals, LLP ("Legacy") for the period January 1, 2015 through September 30, 2016.

Plaintiffs' complaint also seeks a judgment for all unpaid contributions, interest and

liquidated damages, attorneys' fees and costs and auditors' fees pursuant to ERISA, the Area

Agreements and the trust agreements to which Defendant is signatory.

The complaint was served on Defendant on December 28, 2016. *See* Affidavit of

Service, Docket No. 5. The affidavit of service was filed with the Clerk of Court on or about

January 3, 2017. *See* Affidavit of Service, Docket No. 5. Defendant failed to answer or appear.

This Court entered an order of default against Defendant on February 28, 2017. *See*

Order, Docket Report No. 12. That order provides in part that:

> Pursuant to Federal Rule of Civil Procedure 55(a), an order of default is hereby
> entered in favor of the CHICAGO REGIONAL COUNCIL OF CARPENTERS
> PENSION FUND *et al.* ("Plaintiffs") and against defendant ORION
> HARDWOOD FLOORS, INC., a Wisconsin corporation ("Defendant").
> Defendant is hereby ordered:
>
> A.    to produce to Plaintiffs or their designated auditors, Legacy Professionals,
> LLP within twenty-one (21) days of the date of entry of this Order all of
> Defendant's books and records necessary so that Plaintiffs may complete
> an audit of Defendant's fringe benefit contributions for the period January
> 1, 2015 through December 31, 2016;
>
> B.    to pay any and all amounts Plaintiffs may discover to be due pursuant to
> the audit, 29 U.S.C. §1132(g)(2)(A);
>
> C.    to pay auditor's fees incurred by Plaintiffs to complete the audit of
> Defendant's books and records, 29 U.S.C. §1132(g)(2)(E);
>
> D.    to pay interest on the amount that is due, 29 U.S.C. §1132(g)(2)(B);
>
> E.    to pay interest or liquidated damages on the amount that is due, whichever
> is greater, 29 U.S.C. §1132(g)(2)(C); and
>
> F.    to pay reasonable attorneys' fees and costs Plaintiffs incurred in this action
> and attorneys' fees that Plaintiffs incur to obtain full compliance with this
> Order and to collect any amounts due and owing to the Plaintiffs, 29
> U.S.C. §1132(g)(2)(D).

*See* Order, Docket Report No. 12.

After the entry of the order of default on February 28, 2017 and after entry of a rule to show cause, Plaintiffs were able to conduct an audit of Defendant's books and records which revealed unpaid fringe benefit contributions in the amount of $19,528.38. *See* Declaration of K. Guastaferri ¶¶6-7, Exhibit A; Order, June 28, 2017, Docket Report No. 16.

After completion of the audit, Plaintiffs asked Defendant for additional information on September 22, 2017, September 26, 2017, October 4, 2017, October 6, 2017 and October 23, 2017 but Defendant did not respond to the requests for information. *See* Emails from K. McJessy, Counsel for Plaintiffs, to B. Kobiske, President of Defendant, dated September 22, 2017, September 26, 2017, October 4, 2017, October 6, 2017 and October 23, 2017, Group Exhibit D.

**B. Damages for Unpaid Fringe Benefit Contributions.**

Defendant is bound by the Area Agreement with the Chicago Regional Council of Carpenters ("Union"). *See* Declaration of K. Guastaferri ¶3, Exhibit A. Under ERISA, Defendant is liable to Plaintiffs for any unpaid fringe benefit contributions. ERISA states as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— **(A)** the unpaid contributions . . . .

*See* 29 U.S.C. §1132(g)(2)(A). The audit of Defendant's books and records revealed unpaid fringe benefit contributions in the amount of $19,528.38. *See* Declaration of K. Guastaferri ¶¶6-7, Exhibit A; Order, June 28, 2017, Docket Report No. 16. Accordingly, this Court should award Plaintiffs $19,528.38 for unpaid fringe benefit contributions.

**C. Interest.**

Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to collect interest on the unpaid

contributions.  Section 1132(g)(2)(B) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce
> section 1145 of this title in which a judgment in favor of the plan is awarded, the
> court shall award the plan—
> . . .
> **(B)** interest on the unpaid contributions,
. . .
> For purposes of this paragraph, interest on unpaid contributions shall be determined by
> using the rate provided under the plan, or, if none, the rate prescribed under section 6621
> of title 26.

*See* 29 U.S.C. §1132(g)(2).  And, section 6621 of title 26 provides as follows:

> **(2) Underpayment rate.**  The underpayment rate established under this section shall be
> the sum of—
> **(A)** the Federal short-term rate determined under subsection (b), plus
> **(B)** 3 percentage points.

*See* 26 U.S.C. §6621.

This is consistent with the trust agreements which also allow Plaintiffs to collect interest

on the amount due.  *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A.  Therefore, Plaintiffs

are entitled to recover interest based on the statute.

The amount due as interest on the fringe benefit contributions is $1,294.37.  *See*

Declaration of K. Guastaferri ¶¶8-10, 12, Exhibit A.  Accordingly, this Court should award

Plaintiffs interest in the amount of $1,294.37 pursuant to 29 U.S.C. §1132(g)(2).

**D. Liquidated Damages.**

Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to collect liquidated damages on

the unpaid contributions.  Section 1132(g)(2)(C)(ii) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to
> enforce section 1145 of this title in which a judgment in favor of the plan is awarded,
> the court shall award the plan—

. . .

**(C)** an amount equal to the greater of—

. . .

**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

This is consistent with the trust agreements which also allow Plaintiffs to collect liquidated damages of 1.5% monthly on the amount due. *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A.

The total liquidated damages calculated at 1.5% per month compounded equals $3,905.68. *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A. Accordingly, this Court should award Plaintiffs liquidated damages in the amount of $3,905.68 pursuant to 29 U.S.C. §1132(g)(2)(C)(ii).

**E. Auditor's Fees.**

Under the terms of the Trust Agreements and the Area Agreement, a signatory employer is liable for reasonable fees of auditors retained by Plaintiffs used to establish the amount of delinquent contributions to Plaintiffs. *See* Declaration of K. Guastaferri ¶11, Exhibit A.

Moreover, ERISA, 29 U.S.C. §1132, likewise provides that Plaintiffs are entitled to recover auditors' fees incurred to prove the amount of contributions owed:

> ERISA itself grants the district court authority to award the plaintiffs their reasonable attorney's fees and costs in successful actions to collect unpaid fringe benefit contributions owed to multi-employer plans, 29 U.S.C. § 1132(g)(2)(D), along with 'such other legal or equitable relief as the court deems appropriate,' id. § 1132(g)(2)(E). This court, among others, has construed the latter provision to include an award of audit costs. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (*citing Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988)).

*See Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

Plaintiffs incurred $3,952.50 in auditors' fees for the audit of Defendant's fringe benefit contributions to Plaintiffs during the Audit Period. *See* Declaration of K. Guastaferri ¶11, Exhibit A. Accordingly, this Court should award Plaintiffs $3,952.50 in reasonable auditors' fees for the audit of Defendant's books and records to determine that Defendant owed unpaid fringe benefit contributions.

### F. Attorneys' Fees and Costs.

Under the terms of the Trust Agreements and the Area Agreement, Defendant is liable for reasonable attorneys' fees and costs incurred by Plaintiffs to collect delinquent contributions because Plaintiffs were required to hire counsel to compel the audit of Defendant and to collect the amount due from Defendant. *See* Declaration of K. Guastaferri ¶9, Exhibit A.

Defendant has a statutory obligation to pay attorneys' fees and costs. Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to recover attorneys' fees and costs incurred to collect the unpaid contributions. Section 1132(g) provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions ... (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the <u>court shall award the plan</u>—.... (D) reasonable attorney's fees and costs of the action, to be paid by the defendant ...

*See* 29 U.S.C. §1132(g)(2) (emphasis added). Defendant is also liable for attorneys' fees and costs incurred by Plaintiffs to enforce any judgment entered in this matter. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

Here Plaintiffs incurred $7,591.01 in attorneys' fees and costs as stated in the affidavit and detailed billing statements accompanying this petition. *See* Declaration of K. McJessy ¶¶6-8, Exhibit B. Billing statements are admissible to show the reasonableness of attorneys' fees and costs in ERISA cases. *See Trustees of the Chicago Plastering Inst. Pension Trust,* 570 F.3d at

903 (relying on attorneys "time records"); *Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.*, 2011 U.S. Dist LEXIS *6-7 (N.D. Ill., July 20, 2011) (Feinerman, J.) (relying on billing time records for award of attorneys' fees).

Moreover, the fee charged here of $220/hour for attorney time are reasonable compared to the rates charged by other attorneys handling similar ERISA matters in the Northern District of Illinois. As a matter of law, the Northern District of Illinois has recognized that hourly rates of $195 per hour to $250 per hour are reasonable rates for attorney time for ERISA litigation. *See Trustees of the Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.*, 2011 U.S. Dist. LEXIS *6 (N.D. Ill.) (holding that attorney rates of $180/hr for a junior attorney to $250/hr for a partner are reasonable hourly rates for ERISA lawsuit by the Chicago Regional Council of Carpenters); *Board of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

Accordingly, this Court should award Plaintiffs $7,591.01 in reasonable attorneys' fees and costs for the audit of Defendant's books and records to determine that Defendant owed unpaid fringe benefit contributions.

## III. CONCLUSION.

For the forgoing reasons, Plaintiffs respectfully request that this Court enter final judgment for Plaintiffs in the amount of $36,271.94 as follows:

A.       $19,528.38 in unpaid contributions pursuant to the audit;

B.    $3,952.50 for auditor's fees incurred by Plaintiffs to complete the audit of Defendant's books and records;

C.    $1,294.37 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    $3,905.68 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.    $7,591.01 in reasonable attorneys' fees and costs Plaintiffs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

Plaintiffs shall also recover reasonable attorney' fees and costs incurred by Plaintiffs in enforcing this order and any such further relief as this Court deems appropriate. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986). A proposed order is attached hereto as Exhibit C.

> CHICAGO REGIONAL COUNCIL OF
> CARPENTERS PENSION FUND *et al.*
>
> By:   s/ Kevin P. McJessy
>         One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Motion for Entry of Judgment** to be served upon

Orion Hardwood Floors, Inc.
c/o Bret Kobiske, Registered Agent
W286S4973 Woods Road
Waukesha, WI 53189

via U.S. First Class Mail, postage prepaid, deposited in the United States Mail Depository located at 3759 N. Ravenswood, Chicago, Illinois on December 1, 2017.

_s/ Kevin P. McJessy_____
Kevin P. McJessy

16 CV 11159

# Exhibit  A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.,*

Plaintiffs,

v.

ORION HARDWOOD FLOORS, INC., a Wisconsin
corporation,

Defendant.

16 CV 11150

Judge Virginia M. Kendall

## DECLARATION OF KRISTINA M. GUASTAFERRI

I, Kristina M. Guastaferri, hereby declare, under penalty of perjury pursuant to the laws
of the United States, that the following statements are true to the best of my knowledge
information and belief:

1.　　I am the Administrator for the Chicago Regional Council of Carpenters Pension
Fund, the Chicago Regional Council of Carpenters Health and Welfare Fund, the Chicago and
Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program and the
Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Trust
Funds").

2.　　As part of my duties, I am responsible for managing the collection of
contributions for medical, pension and other benefits due from numerous employers pursuant to
the collective bargaining agreement between the employers and the Chicago and Northeast
Illinois Regional Council of Carpenters ("Union") and between employers and the United
Brotherhood of Carpenters and Joiners of America. Accordingly, I am familiar with the terms of
the current collective bargaining agreement ("Area Agreement") and the trust agreements
establishing the Trust Funds.

3.     ORION HARDWOOD FLOORS, INC., a Wisconsin corporation, ("Defendant"),

is an employer bound by the Area Agreement with the Union because Defendant signed an

Agreement with the Union. A copy of the Agreement with the Union signed by Defendant

binding the Defendant to the Area Agreement is attached as Exhibit 1. The Agreement further

provides that Defendant agreed to be bound by the trust agreements establishing the Trust Funds

and by the rules and regulations adopted by the Trustees of each Trust Fund. The Area

Agreement, the trust agreements and the rules and regulations are collectively referred to herein

as "Agreements."

4.     Pursuant to the Agreements, Defendant is required to pay fringe benefit

contributions to the Trust Funds for work performed by Defendant's employees and Defendant's

non-union subcontractors performing work falling within the jurisdiction of the Union.

5.     Pursuant to the Agreements, Defendant also agreed to submit to a periodic audit

of its books and records in order to verify the accuracy of the contributions reported and paid to

the Trust Funds.

6.     The Trust Funds engaged Legacy Professionals, LLP ("Legacy") to conduct an

audit of Defendant's fringe benefit contributions to the Trust Funds for the period January 1,

2015 through December 31, 2016 ("Audit Period").

7.     Legacy prepared a report ("Audit Report") of Defendant's fringe benefit

contributions to the Trust Funds based on Legacy's review of Defendant's records. Legacy

delivered its Audit Report to the Trust Funds. A true and accurate copy of the Audit Report

maintained in the Trust Funds' records is attached as Exhibit 2. According to the Audit Report

and based on the records produced by Defendant, Defendant owes $19,528.38 in unpaid fringe

benefit contributions to the Trust Funds.

8.     The Agreements provide that the Trust Funds collect liquidated damages on

unpaid fringe benefit contributions at a rate of 1½ percent compounded monthly. The Agreements also provide that the Trust Funds collect interest on unpaid fringe benefit contributions as allowed by law.

9.  Because Defendant failed to comply with the terms of the Agreements, the Trust Funds have had to employ the services of the law firm McJessy Ching & Thompson, LLC. As a result, the Trust Funds incurred attorneys' fees and costs.

10.  A summary of the updated calculations of accrued interest and liquidated damages for unpaid contributions owed according to the Audit Report as of November 1, 2017 is attached hereto as Exhibit 3. Defendant owes $1,294.37 in unpaid interest calculated pursuant to 26 U.S.C. §6621 and $3,905.68 in unpaid liquidated damages calculated in accordance with the Agreements.

11.  The Trust Funds paid Legacy $3,952.50 in fees for Legacy to conduct its review of Defendant's books and records and to prepare the Audit Report.

12.  In sum, based on the records produced by Defendant, Defendant owes unpaid contributions of $19,528.38, interest of $1,294.37, liquidated damages of $3,905.68, auditors' fees of $3,952.50 plus the attorneys' fees and costs incurred by the Trust Funds in this lawsuit.

13.  I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

_____
Kristina M. Guastaferri, CPA

Executed on:

_____11/16/2017_____
Date

EXHIBIT 1

# *Memorandum of Agreement*

**Employer**  Orion Hardwood Floors, Inc.        **Address**  404 Travis Lane, #44

**City**  Waukesha                **State**  WI      **Zip**  53187    **Phone**  262-521-9110

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreement, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this  Twenty-seventh  day of  September  , 2006.

**EMPLOYER**                    **CHICAGO REGIONAL COUNCIL**
                                 **OF CARPENTERS**

*B.R. Kobie*    9-27-06          *Gary Perica*
                                 Authorized Regional Council
*Bret R. Kobiske - President*    Representative
Print Name and Title

Agreements

( Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)

(Western Region)

Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Daviss, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2, 1 and 8

Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Lousia north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines. Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoosa, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Deleware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Ceder, Iowa, Johnson, Poweshiek and Washington
Residential, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chicksaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allmakee, Appanoosa, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chicksaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Deleware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebego, Winneshiek, Worth, Wright


( Northern Region)



Commercial Carpenters and Floor Coverers' Agreement (State of Wisconsin)
Commercial Capenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement


The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.


_B. H. Koble_
Employer


_9-27-06_
Date



EXHIBIT 2

# Discrepancy Summary By Month

| Account Number: | 24228 | Engagement Period: | January 1, 2015 to December 31, 2016 |
|---|---|---|---|
| Employer: Address: | Orion Hardwood Floors Inc PO Box 1809 Waukesha, WI 53186 | Contact: Title: | Bret Kobiske Owner |
| Phone: | (262) 521-9110 | Page: | 1 of 9 |

| Reporting Period | Discrepancy Total Hours | Discrepancy Benefit Hours | Contribution Rate | Discrepancy Amount |
|---|---|---|---|---|
| January 2015 | 208.00 | 208.00 | $28.12 | $5,848.96 |
| February 2015 | 60.00 | 60.00 | $28.12 | $1,687.20 |
| March 2015 | 12.00 | 12.00 | $28.12 | $337.44 |
| June 2016 | 109.00 | 109.00 | $30.47 | $3,321.23 |
| July 2016 | 191.50 | 191.50 | $30.47 | $5,835.01 |
| August 2016 | 82.00 | 82.00 | $30.47 | $2,498.54 |

| Total Hours | 662.50 | Benefit Hours | 662.50 | Discrepancy Amount | $19,528.38 |
|---|---|---|---|---|---|
| | | | | Liquidated Damages | $3,824.79 |
| | | | | Total Amount Due | $23,353.17 |

# Discrepancy Summary By Error Type

| Account Number: | 24228 | Engagement Period: | January 1, 2015 to December 31, 2016 |
|---|---|---|---|
| Employer: | Orion Hardwood Floors Inc | Contact: | Bret Kobiske |
| Address: | PO Box 1809 | Title: | Owner |
| | Waukesha, WI 53186 | | |
| Phone: | (262) 521-9110 | Page: | 2 of 9 |

| Code | Description | Dollar Amount |
|---|---|---|
| | **SIGNATORY EMPLOYER: PAYROLL** | |
| P11 | No Record Identified as Carpenter Not Reported | $18,853.50 |
| P13 | No Record Reported Exclusively to Other Trust Fund(s) Omission | $674.88 |
| | Sub-Total Discrepancies From All Listed Codes | $19,528.38 |
| | Liquidated Damages | $3,824.79 |
| | Total Amount Due | $23,353.17 |

# Liquidated Damages Schedule

| Account Number: | 24228 | Engagement Period: | January 1, 2015 to December 31, 2016 |
|---|---|---|---|
| Employer:<br>Address: | Orion Hardwood Floors Inc<br>PO Box 1809<br>Waukesha, WI 53186 | Contact:<br>Title: | Bret Kobiske<br>Owner |
| Phone: | (262) 521-9110 | Page: | 3 of 9 |

| Reporting Period | Contributions Due | Compounding Periods | Calculating Percentage | Total Liquidated Damages Owed |
|---|---|---|---|---|
| January 2015 | $5,848.96 | 30 | 20.00% | $1,169.79 |
| February 2015 | $1,687.20 | 29 | 20.00% | $337.44 |
| March 2015 | $337.44 | 28 | 20.00% | $67.49 |
| June 2016 | $3,321.23 | 13 | 20.00% | $664.25 |
| July 2016 | $5,835.01 | 12 | 19.56% | $1,141.33 |
| August 2016 | $2,498.54 | 11 | 17.79% | $444.49 |

| | | | |
|---|---|---|---|
| **Total Discrepancies** | $19,528.38 | **Total Damages this Schedule**<br>**20% of Discrepancies** | $3,824.79<br>$3,905.68 |
| | | **Assessed Damages** | $3,824.79 |

Legacy Professionals LLP

# Monthly Detail Report

Account Number: 24228

Employer: Orion Hardwood Floors Inc
Address: PO Box 1809
Waukesha, WI 53186
Phone: (262) 521-9110

Engagement Period: January 1, 2015 to December 31, 2016

Month: **January 2015**

Page # : 4 of 9

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | PE Date 4-Jan | PE Date 11-Jan | PE Date 18-Jan | PE Date 25-Jan | PE Date 1-Feb | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | \* \* \* \* \* Actual Hours Per Week \* \* \* \* \* | | | | | | | | |
| REDACTED | Bieser Matthew | P13 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 0.00 | 24.00 | | 24.00 | 24.00 |
| | Neverdosky Casimer | P11 | 0.00 | 0.00 | 40.00 | 44.00 | 44.00 | 40.00 | 16.00 | 184.00 | | 184.00 | 184.00 |
| | Total | | | | 40.00 | 68.00 | 44.00 | 40.00 | 16.00 | 208.00 | | 208.00 | 208.00 |

Total Items Listed in this Period:     2.00

Legacy Professionals LLP

# Monthly Detail Report

Account Number: 24228

Engagement Period: January 1, 2015 to December 31, 2016

Employer: Orion Hardwood Floors Inc
Address: PO Box 1809
Waukesha, WI 53186
Phone: (262) 521-9110

Month: **February 2015**

Page #: 5 of 9

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | PE Date 8-Feb | PE Date 15-Feb | PE Date 22-Feb | PE Date 1-Mar | Total Hours | | | |
| REDACTED | Neverdosky Casimer | P11 | 0.00 | 0.00 | 0.00 | 14.00 | 6.00 | 40.00 | 60.00 | | 60.00 | 60.00 |
| | | | | Total | 0.00 | 14.00 | 6.00 | 40.00 | 60.00 | | 60.00 | 60.00 |

Total Items Listed in this Period: 1.00

Legacy Professionals LLP

# Monthly Detail Report

| Account Number: | 24228 | Engagement Period: | January 1, 2015 to December 31, 2016 |
| Employer: | Orion Hardwood Floors Inc | Month: | **March 2015** |
| Address: | PO Box 1809 | Page # : | 6 of 9 |
| | Waukesha, WI 53186 | | |
| Phone: | (262) 521-9110 | | |

* * * * * * Actual Hours Per Week * * * * * *

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | PE Date 8-Mar | PE Date 15-Mar | PE Date 22-Mar | PE Date 29-Mar | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REDACTED | Neverdosky Casimer | P11 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 | | 12.00 | 12.00 |
| | | | | Total | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 | | 12.00 | 12.00 |

Total Items Listed in this Period:    1.00

Legacy Professionals LLP

# Monthly Detail Report

Account Number: 24228

Employer: Orion Hardwood Floors Inc
Address: PO Box 1809
Waukesha, WI 53186
Phone: (262) 521-9110

Engagement Period: January 1, 2015 to December 31, 2016

Month: **June 2016**

Page #: 7 of 9

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | PE Date 5-Jun | PE Date 12-Jun | PE Date 19-Jun | PE Date 26-Jun | | | | |
| REDACTED | Wierzba Aaron | P11 | 0.00 | 0.00 | 0.00 | 26.50 | 37.00 | 45.50 | 109.00 | | 109.00 | 109.00 |
| | | Total | | 0.00 | 0.00 | 26.50 | 37.00 | 45.50 | 109.00 | | 109.00 | 109.00 |

Total Items Listed in this Period:   1.00

Legacy Professionals LLP

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 24228 |
| Employer: | Orion Hardwood Floors Inc |
| Address: | PO Box 1809 |
| | Waukesha, WI 53186 |
| Phone: | (262) 521-9110 |

| | |
|---|---|
| Engagement Period: | January 1, 2015 to December 31, 2016 |
| Month: | July 2016 |
| Page # : | 8 of 9 |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | PE Date 3-Jul | PE Date 10-Jul | PE Date 17-Jul | PE Date 24-Jul | PE Date 31-Jul | Total Hours | | | |
| REDACTED | Wierzba Aaron | P11 | 0.00 | 0.00 | 40.00 | 45.00 | 40.00 | 28.50 | 38.00 | 191.50 | | 191.50 | 191.50 |
| | | | Total | | 40.00 | 45.00 | 40.00 | 28.50 | 38.00 | 191.50 | | 191.50 | 191.50 |

Total Items Listed in this Period: 1.00

Legacy Professionals LLP

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 24228 |
| Employer: | Orion Hardwood Floors Inc |
| Address: | PO Box 1809 |
| | Waukesha, WI 53186 |
| Phone: | (262) 521-9110 |

Engagement Period: January 1, 2015 to December 31, 2016

Month: **August 2016**

Page # : 9 of 9

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | PE Date 7-Aug | PE Date 14-Aug | PE Date 21-Aug | PE Date 28-Aug | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | \* \* \* \* \* \* Actual Hours Per Week \* \* \* \* \* \* | | | | | | | |
| REDACTED | Wierzba Aaron | P11 | 0.00 | 0.00 | 32.00 | 30.00 | 20.00 | 0.00 | 82.00 | | 82.00 | 82.00 |
| | | Total | 0.00 | 0.00 | 32.00 | 30.00 | 20.00 | 0.00 | 82.00 | | 82.00 | 82.00 |

Total Items Listed in this Period:    1.00

EXHIBIT 3

# Interest & Damages Summary

| Reporting Period | Delinquency Amount | Interest | Liquidated Damages | Total Due |
|---|---|---|---|---|
| January 2015 | $5,848.96 | $570.56 | $1,169.79 | $7,589.31 |
| February 2015 | $1,687.20 | $160.32 | $337.44 | $2,184.96 |
| March 2015 | $337.44 | $31.10 | $67.49 | $436.03 |
| June 2016 | $3,321.23 | $162.52 | $664.25 | $4,148.00 |
| July 2016 | $5,835.01 | $265.18 | $1,167.00 | $7,267.19 |
| August 2016 | $2,498.54 | $104.69 | $499.71 | $3,102.94 |
| Totals | $19,528.38 | $1,294.37 | $3,905.68 | $24,728.43 |

16 CV 11159

# Exhibit  B

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.,*

Plaintiffs,

v.

ORION HARDWOOD FLOORS, INC., a Wisconsin
corporation,

Defendant.

16 CV 11150

Judge Virginia M. Kendall

## DECLARATION OF KEVIN P. MCJESSY

I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the
United States, that the following statements are true:

1.      I am one of the attorneys representing the Chicago Regional Council of
Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the
Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program,
and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the
Trust Funds") in the above-captioned lawsuit ("Lawsuit") against ORION HARDWOOD
FLOORS, INC., a Wisconsin corporation ("Defendant").

2.      I have been licensed to practice law in the State of Illinois and the United States
District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy,
Ching & Thompson, LLC ("MC&T").

3.      As part of my practice, I handle claims under ERISA. I personally represented
the Trust Funds in this Lawsuit. I have represented the Trust Funds in this Lawsuit since its
inception. As such I am familiar with the matters set forth in this declaration.

4.      John Sopata is an attorney with MC&T. He has been an attorney since 1999.

5.      Sheila Keating is a paralegal with MC&T. She has been a paralegal since 1987.

6.      The Trust Funds have incurred $7,591.01 in fees and expenses to compel

Defendant to comply with its obligations under the terms of the Collective Bargaining

Agreement and applicable trust agreements.

7.      The Trust Funds have collectively incurred fees totaling $6,648.00 for 30.50

hours of attorney services and $380.00 for 3.80 hours of paralegal services. A copy of the client

ledger showing the time spent and a description of the work performed is attached as Exhibit 1.

| Name | Services | Hours | Rate | Total |
|---|---|---|---|---|
| Kevin McJessy ("KM") | Attorney | 26.80 | $220/hr. | $5,890.00 |
| John Sopata ("JS") | Attorney | 3.70 | $205/hr. | $758.50 |
| Sheila Keating ("SK") | Paralegal | 3.80 | $100/hr. | $380.00 |
| Total | | | | 7,028.50 |

The hourly rate for attorneys and paralegals charged to the Trust Funds as set forth above is

consistent with the rates approved in the Northern District of Illinois for ERISA collection work.

*See, e.g., Rappa v. Sun Life Assur. Co.*, 2014 U.S. Dist. LEXIS 124896, *11 (W.D. Wis. Sept. 8,

2014) ("Sun Life does not object to plaintiff's counsel's rate of $300 per hour, and the court finds

that rate reasonable given the nature of ERISA cases."); *Board of Trustees of the Rockford Pipe*

*Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill.

Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are

reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid

contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7,

2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

8.     The Trust Funds incurred $562.51 in expenses for the filing fee, process server charges, postage and photocopy charges.  A detailed description of all expenses incurred by the Trust Funds in this matter is shown in the fee summary attached as Exhibit 2.

9.     The attorneys' fees, paralegal fees and costs charged to the Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters.

10.     I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____          12/1/17
Kevin P. McJessy                          Date

# Exhibit 1

| Date | Received From/Paid ˙ | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|

**1000 Chicago Regional Council of Carpenters -**
**0289-ORIO**      **Orion Hardwood Floors, Inc. - Audits**          **Resp Lawyer: KM**

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| 9/23/2016 | Lawyer: KM 0.50 Hrs X 220.00 | Reviewed correspondence from M. Curtin regarding audit demand letter request. (.1) Research company information to confirm addressees. (.2) Prepared audit demand letter. (.2) | KM | 0.50 | 110.00 | |
| 10/7/2016 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed correspondence from M. Curtin advising that "as of today we have not heard back from Orion Hardwood Floors, Inc." and inquiring whether MC&T has. (.1) Review of MC&T records, no apparent contact from Orion Hardwood Floors, Inc. (.2) Prepared correspondence to M. Curtin advising no contact from Orion Hardwood Floors. Prepared correspondence to M. Curtin advising that green card was returned signed and forwarding same. (.1) | KM | 0.40 | 88.00 | |
| 11/7/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from Legacy Professionals forwarding audit report of Orion Hardwood Floors. | KM | 0.10 | 22.00 | |
| 12/6/2016 | Lawyer: KM 1.80 Hrs X 220.00 | Reviewed audit referral file from client fREDACTED REDACTED . Research on issues related to status of Orion, a Wisconsin company. Drafted complaint. Reviewed and revised appearance, civil cover sheet and summons. | KM | 1.80 | 396.00 | |
| 12/7/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order assigning case to Judge Kendall and Magistrate Schenkier. | KM | 0.10 | 22.00 | |
| 12/7/2016 | Lawyer: SK 1.30 Hrs X 100.00 | Prepared civil cover sheet, attorney appearance and summons (.4). Filed complaint, cover sheet and appearance with court (.4). Reviewed ECF notice re: judges' assignments and completed summons as appropriate (.1). Prepared email correspondence to Wisconsin process server forwarding summons and complaint for service (.2). Prepared correspondence to J. Libby and N. Lagalo REDACTED REDACTED (.2). | SK | 1.30 | 130.00 | |
| 12/9/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall setting case scheduling dates for discovery and related matters. | KM | 0.10 | 22.00 | |
| 12/22/2016 | Lawyer: SK 0.10 Hrs X 100.00 | Call from Wisconsin process server re: issues serving defendant who is avoiding service; attempts will continue. | SK | 0.10 | 10.00 | |
| 1/3/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed Orion Hardwood proof of service documents to determine which to file as proof of service and arranged with S. Keating to file same. | KM | 0.10 | 22.00 | |
| 1/3/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Reviewed process server's affidavit of service and filed same with court. | SK | 0.20 | 20.00 | |
| 2/2/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed file materials for status of response to complaint. (.1) Prepared motion for entry of default order and prepared draft order for motion for entry of default order; reviewed file documents as necessary to prepare motion and draft order. (.5) Prepared draft status report for matter. (.2) | KM | 0.80 | 176.00 | |
| 2/3/2017 | Lawyer: SK 0.90 Hrs X 100.00 | Filed initial status report with court (.2); prepared notice of motion for motion for entry of order of default; review Judge Kendall's website for motion requirements (.2); filed motion for entry of order of default with court (.2); prepared notice of motion with court (.2); confer with Judge Kendall's clerk requesting | SK | 0.90 | 90.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| | | that 2/7/17 status hearing be stricken (.1). | | | | |
| 2/3/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall resetting status hearing from 2/8/17 to 2/9/17. (.1) Prepared correspondence to B. Kobiske, registered agent of Orion Hardwood forwarding court order. (.1) Arrangements with S. Keating for revisions to joint status report and for date of presentation of motion. (.1) | KM | 0.30 | 66.00 | |
| 2/6/2017 | Lawyer: KM 0.50 Hrs X 220.00 | Telephone call from Charlie Barnowski and Brett Cobinski regarding status of litigation and audit demands, inquiry what they mean, B. Cobinski's stack of papers from MC&T, need to respond to complete audit, and who the audit is and his contact information. (.4) Prepared correspondence to M. Curtin advising of call and request to be kept up to date if audit is scheduled. (.1) | KM | 0.50 | 110.00 | |
| 2/9/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall striking hearing date of 2/9/17 and reset to 2/28/17. | KM | 0.10 | 22.00 | |
| 2/10/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from M. Curtin advising he has made two attempts to schedule an appointment but no luck, only voicemail and mailbox is full. | KM | 0.10 | 22.00 | |
| 2/13/2017 | Lawyer: KM 1.30 Hrs X 220.00 | Reviewed correspondence from M. Curtin regarding inability to set call with Orion Hardwood for scheduling audit. (.1) Reviewed file materials and online research for information on Charles Bernaowski, including phone number and organization he called from. (.4) Telephone call to C. Bernaowski from the Wisconsin Building Trades United Pension Trust Fund and message regarding no contact from B. Kobiske / Orion Hardwood. (.1) Prepared correspondence to M. Curtin / M. Ragona / J. Libby and N. Lagalo regarding status of motion for default, continued to 2/28/17, and follow up with C. Bernowski. (.3) Telephone call from J. Libby responding to same and following up on status of audit demand. (.3) Reviewed correspondence from M. Curtin advising that as of end of the day no call from B. Kobiske. (.1) | KM | 1.30 | 286.00 | |
| 2/15/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call from M. Curtin advising he was able to get through to B. Kobieske's voicemail and left a message about need to schedule audit. | KM | 0.10 | 22.00 | |
| 2/16/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed message from M. Curtin regarding effort to reach B. Kobiske. Prepared correspondence to M. Curtin confirming same and asking to be kept up to date. | KM | 0.10 | 22.00 | |
| 2/17/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from M. Curtin advising that B. Kobiske from Orion Hardwood contacted him this morning to arrange for the audit on 2/24/17. | KM | 0.10 | 22.00 | |
| 2/28/2017 | Lawyer: KM 2.40 Hrs X 220.00 | Appeared in court before Judge Kendall for hearing on status and motion for entry of default judgment; motion granted. (Time longer due to 9:00 am scheduled hearing called at 10:30 am) | KM | 2.40 | 528.00 | |
| 3/1/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall granting motion for entry of default order. | KM | 0.10 | 22.00 | |
| 3/3/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from M. Curtin regarding records produced by Orion Hardwood on 3/3/17 but not all records produced. Prepared correspondence to M. | KM | 0.10 | 22.00 | |

| Date | Received From/Paid ' Explanation | | Lwyr | Hours | Amount | Disbs |
|------|-------------------|---|------|-------|--------|-------|
| 3/31/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Curtin asking whether employer has been advised of remaining records and when records will be produced. Reviewed file for status of audit and M. Curtin's March 3, 2017 email advising of new record request being sent; prepared correspondence to M. Curtin seeking current status of response to record request. | KM | 0.20 | 44.00 | |
| 3/31/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed correspondence from M. Curtin confirming status of response to record request, some records received and awaiting additional records. (.1) Prepared correspondence to B. Kobiske, owner of Orion Hardwood, forwarding default order and demanding compliance by production of all records. (.3) | KM | 0.40 | 88.00 | |
| 4/17/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed file materials for status of audit, last report was early March that records were being produced and new record request had been issued; prepared correspondence to M. Curtin, Legacy Professionals, asking for update on status of audit. (.3) Reviewed correspondence from M. Curtin advising that Legacy has reached out to the B. Kobiske and given him until 4/21/17 to respond to demand for additional records. (.1) | KM | 0.40 | 88.00 | |
| 4/27/2017 | Lawyer: KM 0.50 Hrs X 220.00 | Telephone call with M. Ragona regarding status of Orion Construction audit, company not cooperating, he will forward last record request and transmittal correspondence. (.2) Prepared correspondence to M. Ragona following up on call and request for record request and transmittal correspondence and motion for rule to show cause. (.1) Prepared correspondence to M. Ragona asking that email confirm records have not been produced. (.1) Reviewed correspondence from M. Ragona forwarding email from M. Curtin regarding follow up request for records which were not produced and if we need formal record request, let him know. (.1) | KM | 0.50 | 110.00 | |
| 4/28/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from M. Curtin forwarding formal record request for documents that need to be produced. | KM | 0.10 | 22.00 | |
| 6/6/2017 | Lawyer: KM 1.40 Hrs X 220.00 | Reviewed file for status of audit compliance. (.3) Prepared draft motion for rule to show cause and draft order on motion for rule to show cause; reviewed file materials as necessary for information to prepare motion and assemble exhibits for motion. (1.1) | KM | 1.40 | 308.00 | |
| 6/7/2017 | Lawyer: SK 0.60 Hrs X 100.00 | Prepared notice of motion for motion for rule to show cause (.2); filed motion for rule to show cause with court (.2); filed notice of motion with court (.2). | SK | 0.60 | 60.00 | |
| 6/7/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Telephone call to Legacy Professionals, LLP regarding whether Orion has complied with audit request. (.1) Revised motion for rule to show cause against Orion for failing to comply with court order and draft order; reviewed file materials as necessary to prepare motion and gather exhibits. (.3). | KM | 0.40 | 88.00 | |
| 6/26/2017 | Lawyer: KM 1.30 Hrs X 220.00 | Appeared in court before Judge Kendall for hearing on motion for rule to show cause against Orion Hardwood's owner Bret Kobiske, rule to show cause hearing set for 7/20/17. | KM | 1.30 | 286.00 | |
| 6/27/2017 | Lawyer: KM 0.30 | Revised draft rule to show cause order; prepared | KM | 0.30 | 66.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| | Hrs X 220.00 | correspondence to order submission email forwarding order for entry by the court. | | | | |
| 6/28/2017 | Lawyer: KM 0.10 Hrs X 160.00 | Reviewed order for rule to show cause entered by court on ECF notice; arranged with S. Keating for service of same on B. Kobiske by process server. | KM | 0.10 | 16.00 | |
| 6/28/2017 | Lawyer: KM 0.60 Hrs X 220.00 | Drafted letter to B. Kobiske forwarding court order and explaining consequences of noncompliance. | KM | 0.60 | 132.00 | |
| 7/11/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Confer with S. Keating regarding REDACTED REDACTED ; reviewed affidavit of service. | KM | 0.20 | 44.00 | |
| 7/12/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Prepared and filed notice of filing of affidavit of service regarding Judge Kendall's 6/28/17 order and McJessy transmittal correspondence. | SK | 0.40 | 40.00 | |
| 7/12/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Arrangements with S. Keating to prepare notice of filing and to file affidavit of service of rule-to-show-cause order. | KM | 0.10 | 22.00 | |
| 7/17/2017 | Lawyer: KM 1.50 Hrs X 220.00 | Telephone call from B. Kobiske regarding audit, reasons for non production of records, explanation of why records are needed. (.4) Reviewed correspondence from B. Kobiske to M. Curtin regarding production of records. (.1) Reviewed correspondence from B. Kobiske to M. Curtin regarding records available at bank for payroll. (.1) Prepared correspondence to M. Ragona forwarding emails from B. Kobiske, need to know if the records are in fact available to the auditor as B. Kobiske claims. (.1) Reviewed file materials for status of audit request and reviewed emails from B. Kobiske to M. Curtin today. (.2) Prepared correspondence to B. Kobiske, M. Ragona and M. Curtin forwarding record request and providing information for coordination of audit. (.4) Telephone call with M. Ragona regarding M. Curtin's ability to check on production of records, need response ASAP. (.2) | KM | 1.50 | 330.00 | |
| 7/18/2017 | Lawyer: KM 1.20 Hrs X 220.00 | Reviewed correspondences from B. Kobiske and from "Payroll Complete" to M. Curtin forwarding documents and information requested by auditor for audit; prepared correspondence to M. Ragona forwarding all of the information provided by B. Kobiske and Payroll Complete. (.4) Telephone call from B. Kobiske following up to confirm information has been received. (.1) Reviewed numerous correspondence between M. Curtin and B. Kobiske regarding production of records. (.2) Reviewed correspondence from B. Kobiske confirming all arrangements made today and summarizing same; prepared correspondence to M. Ragona and M. Curtin with copy to client forwarding same and seeking to confirm same. (.1) Prepared correspondence to B. Kobiske confirming documents from Sue at the Milwaukee Pension Fund. (.1) Telephone call with M. Curtin regarding issues with respect to documents produced and difficulty obtaining records from bank. (.3) | KM | 1.20 | 264.00 | |
| 7/19/2017 | Lawyer: KM 1.30 Hrs X 220.00 | Reviewed and responded to correspondence from B. Kobiske concerning production of records and | KM | 1.30 | 286.00 | |

| Date | Received From/Paid ' | Explanation | Lwyr | Hours | Amount | Disbs |
|------|---------------------|-------------|------|-------|--------|-------|
| | | appearance in court tomorrow. (.1) Reviewed and responded to correspondence from J. Libby regarding **REDACTED** REDACTED. (.1) Telephone call with M. Curtin regarding status of audit, his review of records, timeframe for when he will know when he has all the records he requires and problems downloading payroll records as B. Kobiske claims to have authorized because password has limitations. (.2) Prepared correspondence to B. Kobiske copied to all parties advising of issues with respect to payroll documents, appearance in court tomorrow. (.3) Reviewed correspondence from B. Kobiske regarding issues of access to records should be cleared up; prepared correspondence to M. Curtin inquiring whether he can access payroll records now. (.1) Reviewed correspondence from M. Curtin confirming bank payroll records are downloading. Prepared correspondence to B. Kobiske advising he can try calling court to appear by phone tomorrow if he likes. (.1) Telephone call from M. Ragona regarding status of audit, concern that Legacy was asked to pay fees to access records and progress of audit. (.2) Reviewed correspondence from B. Kobiske complaining about audit and court appearance. Reviewed correspondence from B. Kobiske advising unable to arrange telephone appearance. (.1) Reviewed correspondence from B. Kobiske regarding unable to run payroll because Legacy is downloading payroll reports. (.1) | | | | |
| 7/20/2017 | Lawyer: KM 1.70 Hrs X 220.00 | Appeared in court before Judge Kendall for hearing on rule to show cause, case continued, travel to and from court and case at near end of long call. (1.6) Reviewed ECF court order of Judge Kendall setting hearing for 8/31/17. (.1) | KM | 1.70 | 374.00 | |
| 7/31/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to B. Kobiske forwarding court order. | KM | 0.10 | 22.00 | |
| 8/4/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed file materials for status of audit; prepared correspondence to M. Curtin asking for status of completion of the audit. (.1) Reviewed correspondence from M. Curtin advising all documents produced audit should be completed and submitted for review by next week. (.1) | KM | 0.20 | 44.00 | |
| 8/8/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to M. Curtin with copy to client regarding status of preparation of audit report. | KM | 0.10 | 22.00 | |
| 8/9/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed correspondence from M. Curtin confirming audit is complete and in for review. Prepared correspondence to M. Curtin whether there are findings and amount. Reviewed and responded to correspondence from M. Curtin advising that there are findings but does not recall amount. | KM | 0.20 | 44.00 | |
| 8/10/2017 | Lawyer: SK 0.30 Hrs X 100.00 | Prepared and filed appearance of J. Sopata. | SK | 0.30 | 30.00 | |
| 8/15/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from B. Kobiske asking about status of the audit; prepared correspondence to B. Kobiske advising audit is complete but final report has | KM | 0.10 | 22.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| | | not yet been delivered to MC&T but will send as soon as it is received. Reviewed ECF court order of Judge Kendall striking status hearing set for 8/16/17 and reset to 8/31/17. | | | | |
| 8/17/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from B. Kobiske regarding confirmation of no need to appear at hearing; prepared correspondence to B. Kobiske advising he does not need to appear at hearing on 8/31/17. | KM | 0.10 | 22.00 | |
| 8/22/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call with M. Ragona regarding status of audit report, findings but report not produced until 8/28/17. | KM | 0.10 | 22.00 | |
| 8/29/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from M. Ragona regarding completed audit of Orion Hardwood. | KM | 0.10 | 22.00 | |
| 8/30/2017 | Lawyer: KM 0.60 Hrs X 220.00 | Downloaded audit report from Legacy Professionals portal. (.1) Reviewed Audit Report and findings of $19K owed. (.2) Prepared correspondence to B. Kobiske forwarding completed audit report and asking for any objections his company has to the findings and for production of any records by 9/15/17. (.3) | KM | 0.60 | 132.00 | |
| 8/30/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Telephone call with J. Sopata regarding REDACTED REDACTED . | KM | 0.20 | 44.00 | |
| 8/31/2017 | Lawyer: JS 1.50 Hrs X 205.00 | Attendance at continued Rule to Show Cause hearing, at which Court was informed of Orion's officer's cooperation, audit findings, and Defendant's opportunity to provide rebutting evidence; travel to and from court. | JS | 1.50 | 307.50 | |
| 8/31/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to B. Kobiske forwarding court order. | KM | 0.10 | 22.00 | |
| 9/13/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed audit report from Legacy Professionals for Orion Hardwood Flooring. (.2) Reviewed correspondence from N. Lagalo regarding REDACTED REDACTED Prepared correspondence to N. Lagalo regarding REDACTED (.1) Reviewed correspondence from N. Lagalo REDACTED (.1) | KM | 0.40 | 88.00 | |
| 9/19/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed correspondence from B. Kobiske regarding review of audit report sent to him on 8/30/17 and comments regarding the audit findings. Prepared correspondence to N. Lagalo REDACTED REDACTED Reviewed correspondence from B. Kobiske regarding additional records responsive to the audit. | KM | 0.20 | 44.00 | |
| 9/20/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from B. Kobiske following up on his emails responding to the audit; prepared correspondence to B. Kobiske advising information was sent to Trust Funds but no response yet. | KM | 0.10 | 22.00 | |
| 9/22/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall resetting hearing time for 9/25/17 hearing. (.1) Telephone call from N. Lagalo regarding REDACTED . (.1) Prepared correspondence to B. Kobiske regarding where workers performed their work during the audit period. (.1) | KM | 0.30 | 66.00 | |
| 9/25/2017 | Lawyer: KM 1.50 Hrs X 220.00 | Appeared in court before Judge Kendall for continued status on completion of audit; travel to and from court. | KM | 1.50 | 330.00 | |
| 9/26/2017 | Lawyer: KM 0.20 | Reviewed court order of Judge Kendall setting hearing | KM | 0.20 | 44.00 | |

Client Ledger
ALL DATES

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| | Hrs X 220.00 | for October 30, 2017. (.1) Prepared correspondence to B. Kobiske regarding whether he can provide information on where individuals worked during the audit period. (.1) | | | | |
| 9/27/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to B. Kobiske forwarding court order. | KM | 0.10 | 22.00 | |
| 10/4/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to B. Kobiske following up on where individuals in the audit worked. | KM | 0.10 | 22.00 | |
| 10/6/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to B. Kobiske asking for follow up information on documents related to three workers picked up during audit period and where they worked. | KM | 0.10 | 22.00 | |
| 10/20/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Kendall resetting hearing date. | KM | 0.10 | 22.00 | |
| 10/23/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondences to B. Kobiske forwarding court order with new hearing time and asking for information on where individuals in the audit worked. | KM | 0.10 | 22.00 | |
| 10/31/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to N. Lagalo regarding REDACTED | KM | 0.10 | 22.00 | |
| 10/31/2017 | Lawyer: JS 2.20 Hrs X 205.00 | Drafting Motion for Judgment, including Guastaferri declaration, McJessy Declaration, and draft order. | JS | 2.20 | 451.00 | |
| 11/1/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed correspondence from N. Lagalo REDACTED REDACTED . (.1) Revised declaration of K. Guastaferri to support motion for entry of default judgment and assembled exhibits for declaration. (.4) Prepared correspondence to K. Guastaferri forwarding declaration and providing update/background on status of litigation. (.3) | KM | 0.80 | 176.00 | |

| | | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST | |
| PERIOD | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 | |
| END DA | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 | |

| | | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FIRM TO | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST | |
| PERIOD | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 | |
| END DA | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 | |

REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Thursday, November 30, 2017 at 03:39:43 PM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0289-ORIO |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |

# Exhibit 2

Client Ledger<br>ALL DATES

| Date | Received From/Paid | Explanation | | | | | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|---|---|---|---|
| **1000 Chicago Regional Council of Carpenters -** | | | | | | | | | | |
| **0289-ORIO** | **Orion Hardwood Floors, Inc. - Audits** | | | | | **Resp Lawyer: KM** | | | | |
| 9/23/2016 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 7.40 |
| 9/30/2016 | Expense Recovery | Photocopy Recovery | | | | | | 0.00 | | 1.08 |
| 10/20/2016 | Billing on Invoice 10525 | FEES | 110.00 | DISBS | 8.48 | | | 0.00 | | 0.00 |
| 11/14/2016 | Billing on Invoice 10610 | FEES | 88.00 | | | | | | | 0.00 |
| 12/20/2016 | Billing on Invoice 10662 | FEES | 22.00 | | | | | | | 0.00 |
| 12/31/2016 | State Process Service | Process Server recovery - Service of Summons and Complaint | | | | | | 0.00 | | 63.00 |
| 12/31/2016 | Expense Recovery | Photocopy Recovery | | | | | | 0.00 | | 2.64 |
| 1/20/2017 | Billing on Invoice 10730 | FEES | 580.00 | DISBS | 65.64 | | | | | 0.00 |
| 1/26/2017 | Capital One Services | Filing Fee | | | | | | 0.00 | | 400.00 |
| 2/3/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 1.40 |
| 2/20/2017 | Billing on Invoice 10799 | FEES | 42.00 | DISBS | 400.00 | | | | | 0.00 |
| 2/28/2017 | Expense Recovery | Photocopy Recovery | | | | | | 0.00 | | 1.68 |
| 3/20/2017 | Billing on Invoice 10873 | FEES | 1366.00 | DISBS | 3.08 | | | | | 0.00 |
| 4/20/2017 | Billing on Invoice 10948 | FEES | 176.00 | | | | | | | 0.00 |
| 5/19/2017 | Billing on Invoice 11052 | FEES | 220.00 | | | | | | | 0.00 |
| 6/7/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 1.61 |
| 6/20/2017 | Billing on Invoice 11130 | | | | | | | | | 0.00 |
| 6/28/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 7.23 |
| 6/30/2017 | Expense Recovery | Photocopy Recovery | | | | | | 0.00 | | 8.88 |
| 7/12/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 0.67 |
| 7/20/2017 | State Process Service | Process Server recovery - Court Order | | | | | | 0.00 | | 29.00 |
| 7/20/2017 | State Process Service | Process Server recovery - Non Service of Court Order | | | | | | 0.00 | | 34.00 |
| 7/20/2017 | Billing on Invoice 11192 | FEES | 956.00 | DISBS | 17.72 | | | | | 0.00 |
| 7/31/2017 | Expense Recovery | Photocopy Recovery | | | | | | 0.00 | | 3.00 |
| 8/18/2017 | Billing on Invoice 11248 | FEES | 1382.00 | DISBS | 66.67 | | | | | 0.00 |
| 9/13/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 0.46 |
| 9/20/2017 | Billing on Invoice 11334 | FEES | 733.50 | | | | | | | 0.00 |
| 9/27/2017 | Expense Recovery | Postage Recovery | | | | | | 0.00 | | 0.46 |
| 10/20/2017 | Billing on Invoice 11391 | FEES | 616.00 | DISBS | 0.92 | | | | | 0.00 |
| 11/20/2017 | Billing on Invoice 11566 | FEES | 561.00 | | | | | | | 0.00 |

| | | UNBILLED | | | | BILLED | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|
| | CHE + | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| TOTALS | | | | | | | | | | |
| PERIOD | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 |
| END DA | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | 561.00 | 0.00 |

| | | UNBILLED | | | | BILLED | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|
| | CHE + | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| FIRM TO | | | | | | | | | | |

| Date | Received From/Paid | | Explanation | | | | | Lwyr | Hours | Amount | Disbs |
|------|------|------|------|------|------|------|------|------|------|------|------|
| PERIOD | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | | 561.00 | 0.00 |
| END DA | 0.00 | 0.00 | 176.00 | 176.00 | 562.51 | 6852.50 | 0.00 | 6854.01 | | 561.00 | 0.00 |

## REPORT SELECTIONS - Client Ledger

| | |
|------|------|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Thursday, November 30, 2017 at 03:40:53 PM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0289-ORIO |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | Yes |
| Entries Shown - Receipts | No |
| Entries Shown - Time or Fees | No |
| Entries Shown - Trust | No |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |
| Show Check # on Paid Payables | No |
| Show Client Address | No |
| Consolidate Payments | No |
| Show Trust Summary by Account | No |
| Show Interest | No |
| Interest Up To | Nov/30/2017 |
| Show Invoices that Payments Were Applied to | No |
| Display Entries in | Date Order |

# 16 CV 11150

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

Plaintiffs,

v.

ORION HARDWOOD FLOORS, INC., a Wisconsin
corporation,

Defendant.

16 CV 11150

Judge Virginia M. Kendall

## JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Trust Funds")

motion for entry of final judgment is granted and judgment is entered in favor of the Trust Funds

and against defendant ORION HARDWOOD FLOORS, INC., a Wisconsin corporation

("Defendant") in the amount of $36,271.94 as follows:

A.   $19,528.38 in unpaid fringe benefit contributions pursuant to the audit;

B.   $3,952.50 for auditor's fees incurred by the Trust Funds to complete the audit of
     Defendant's fringe benefit contributions;

C.   $1,294.37 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.   $3,905.68 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.   $7,591.01 in reasonable attorneys' fees and costs the Trust Funds incurred in this
     action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust

Funds in enforcing this order and any such further relief as this Court deems appropriate. *See*

*Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

_____            _____
        Date                              Judge Virginia M. Kendall

16 CV 11150

# Exhibit D

# Kevin McJessy

**From:** Kevin McJessy <mcjessy@MCandT.com>
**Sent:** Friday, September 22, 2017 6:07 PM
**To:** Bret Kobiske
**Subject:** RE: CRCC v. Orion Hardwood Floors -- Completed Audit Report

Bret,

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

**PRIVILEGED & CONFIDENTIAL:** This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**TAX ADVICE WAIVER:** Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters. In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# Kevin McJessy

**From:** Kevin McJessy <mcjessy@MCandT.com>
**Sent:** Tuesday, September 26, 2017 1:17 PM
**To:** 'Bret Kobiske'
**Subject:** RE: CRCC v. Orion Hardwood Floors -- Completed Audit Report

Bret,

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

**PRIVILEGED & CONFIDENTIAL:** This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**TAX ADVICE WAIVER:** Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters. In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

| | |
|---|---|
| **From:** | Kevin McJessy <mcjessy@MCandT.com> |
| **Sent:** | Wednesday, October 4, 2017 12:34 PM |
| **To:** | 'Bret Kobiske' |
| **Subject:** | RE: CRCC v. Orion Hardwood Floors -- Completed Audit Report |

Bret,

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

**PRIVILEGED & CONFIDENTIAL:** This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**TAX ADVICE WAIVER:** Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters. In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# Kevin McJessy

Have you received my email below?

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

PRIVILEGED & CONFIDENTIAL: This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

TAX ADVICE WAIVER:  Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters.  In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Kevin McJessy [mailto:mcjessy@MCandT.com]
**Sent:** Friday, September 22, 2017 6:07 PM
**To:** Bret Kobiske
**Subject:** RE: CRCC v. Orion Hardwood Floors -- Completed Audit Report

Bret,

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613

(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

PRIVILEGED & CONFIDENTIAL: This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

TAX ADVICE WAIVER:  Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters.  In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# Kevin McJessy

Bret,

Can you please provide me with information where these individuals worked during the audit period—i.e., Casimer Nerverdorsky , Matthew Bieser, Aaron Wierzba

Kevin

MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (MAIN)
(773) 880-1261 (DIRECT)
(773) 880-1265 (FACSIMILE)
MCJESSY@MCANDT.COM
WWW.MCANDT.COM

**PRIVILEGED & CONFIDENTIAL:** This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**TAX ADVICE WAIVER:** Nothing in this email is intended to provide any advice with respect to either federal or state taxation matters. In accordance with United States Treasury Regulations, you are hereby advised that this communication (including any attachments) is not intended to be used, and cannot be used, as advice on any federal or state taxation matters and is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.